# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-1384

SCPH LEGACY CORPORATION; POD LEGACY LLC,

        Plaintiffs - Appellants,

     v.

PALMETTO HEALTH; PRACTICE PARTNERS IN HEALTHCARE INC.; LARRY D. TAYLOR; W. RYAN HALL; MATTHEW FRICK; DAVID L. PACE,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:16-cv-02863-JFA)

Argued:  May 8, 2018                         Decided:  June 4, 2018

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished opinion.  Judge Niemeyer wrote the opinion, in which Judge Motz and Judge Floyd joined.

**ARGUED:** Henry L. Parr, Jr., WYCHE, P.A., Greenville, South Carolina, for Appellants.  Stuart M. Gerson, EPSTEIN BECKER & GREEN, P.C., Washington, D.C., for Appellees.  **ON BRIEF:** John C. Moylan, III, Columbia, South Carolina, Wade S. Kolb, III, Christopher B. Schoen, WYCHE, P.A., Greenville, South Carolina, for Appellants.  C. Frederick W. Manning II, J. Hagood Tighe, Christina L. Rogers, FISHER & PHILLIPS, LLP, Columbia, South Carolina, for Appellees W. Ryan Hall, Matthew Frick, and David L. Pace. Thornwell F. Sowell, III, Monteith P. Todd, Bess J. DuRant, SOWELL GRAY ROBINSON STEPP & LAFFITTE, LLC, Columbia, South Carolina,

for Appellees Practice Partners in Healthcare, Inc. and Larry D. Taylor.  Celeste T. Jones, Jane W. Trinkley, MCNAIR LAW FIRM, P.A., Columbia, South Carolina, for Appellee Palmetto Health.

_____

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

SCPH Legacy Corporation and POD Legacy, LLC (collectively, "Providence Hospital") commenced this antitrust action against Palmetto Health and three of its employees, among others, alleging that the defendants, in their July 2015 acquisition of Providence Hospital's orthopedic surgery business, conspired to eliminate the competition provided by Providence Hospital and thereby to violate the antitrust laws, as well as state law.

At its core, Providence Hospital's lengthy complaint alleges that prior to the alleged illegal conduct, Providence Hospital and Palmetto Health were competitors in four counties in South Carolina for the provision of orthopedic surgery services to residents of those counties. It details how, beginning in 2014, Palmetto Health became intent on eliminating Providence Hospital's ability to compete by "attempt[ing] secretly to acquire Providence's orthopedic surgery business" and by entering into a conspiracy to accomplish that end. The complaint alleges further that, in July 2015, Palmetto Health's plan succeeded when it hired Providence Hospital's orthopedic surgeons "en masse" and acquired their surgery practices. The complaint asserts that Palmetto Health's actions "lessened competition for orthopedic surgery services for residents [in] the relevant markets, denying them the benefits of competition," and that as a result of the allegedly illegal conduct, Providence Hospital's business suffered a reduction in value of $50 million, as represented by the reduction in price that another company was willing to pay for the acquisition of Providence Hospital in February 2016.

The complaint alleges numerous claims for violation of § 4 of the Clayton Act, 15 U.S.C. § 15, as it provides private enforcement of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and § 7 of the Clayton Act, 15 U.S.C. § 18, as well as numerous claims under South Carolina state tort and contract law.

The district court granted the defendants' motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), dismissing the antitrust claims with prejudice and the state law claims without prejudice, declining to exercise supplemental jurisdiction over them. In dismissing the antitrust claims, the district court stated:

> Taken as true, these allegations support the contention that Providence lost $50 million when Palmetto Health acquired the Moore Clinic [*i.e.*, Providence Hospital's orthopedic surgery business]. However, this injury is not the type anti-trust statutes were intended to prevent. "Every merger of two existing entities into one, whether lawful or unlawful, has the potential for producing economic readjustments that adversely affect some persons. But Congress has not condemned mergers on that account; it has condemned them only when they may produce anticompetitive effects." *Brunswick* [*Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 487 (1977)].

> Just as in *Brunswick*, Providence would have suffered the same injury regardless of who acquired the Moore Clinic. Providence would have lost its ability to compete and $50 million of assets no matter what organization acquired the Moore Clinic, or if the Moore Clinic simply removed itself and operated as an independent orthopedic service provider. Palmetto Health's increased size and market presence did not compound or add to any injury that Providence would have otherwise suffered at the loss of the Moore Clinic. Here, as in *Brunswick*, if the merger of the Moore Clinic and Palmetto Health is unlawful, "it is because they bought a 'deep pocket' parent into a market of 'pygmies.'" *Id*. at 487. Yet this injury "bears no relationship to the size of the acquiring company or its competitors." *Id*. Plaintiffs would have suffered an identical "loss" but no compensable injury had the Moore Clinic been purchased by "shallow pocket" parents. *See id*.

4

The district court also concluded that Providence Hospital was not "directly injured" by the alleged conspiracy so as to give it standing to sue under the antitrust laws. Rather,

> health plans, patients, and their employers [would] be those most directly affected by any antitrust violations. These individuals would be those directly responsible for paying higher prices in the form of increased procedural costs and insurance premiums should Palmetto Health's market presence allow it to unilaterally raise prices (which, as of now, is a speculative injury with no factual support).

We have carefully considered the parties' briefs and oral arguments, as well as the district court's opinion, and now affirm substantially for the reasons given by the district court in its thorough opinion dated February 23, 2017. The antitrust laws "are intended to protect competition, and not simply competitors," and thus "only injury caused by damage to the competitive process may form the basis of an antitrust claim." *Thompson Everett, Inc. v. Nat'l Cable Advert., L.P.*, 57 F.3d 1317, 1325 (4th Cir. 1995) (citations omitted); *see also Brunswick*, 429 U.S. at 489. No such injury is alleged in the complaint. Moreover, Providence Hospital does not have standing to sue under the antitrust laws for the injuries it alleges, as any attendant harm to competition in the relevant market would be borne most directly by patients and their health plans and employers, not by Providence Hospital. *See Kloth v. Microsoft Corp.*, 444 F.3d 312, 324 (4th Cir. 2006); *see also Assoc. Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519, 537 (1983).

The judgment of the district court dated February 24, 2017, is accordingly

AFFIRMED.